### Ex parte W. A. RICHARDS

No A-3506 Opinion Filed May 31 1919

Application of W. A. Richards for writ of habeas corpus. Writ denied.

W. W. Pfeiffer, for petitioner.

S. P. Freeling, Atty. Gen., and Wm. H. Zwick, Asst. Atty. Gen., for respondent.

PER CURIAM. This was an original application for writ of habeas corpus, in which petitioner contended that he was unlawfully restrained of his liberty in the county jail of Carter county, Oklahoma, by Buck Garrett, sheriff of said county, by virtue of a commitment issued by the court clerk of said county on the ___ day of January, 1919, without authority of law. The substance of the petition is to the effect that petitioner was convicted in the district court of Carter county of the crime of opening and conducting a gambling game, and that after the said trial court had overruled a motion for a new trial, and the petitioner had prayed and had been allowed an appeal from said judgment of conviction to this court, at a subsequent term of court, after the time allowed to make and serve case-made on appeal had expired, the said court granted the petitioner a new trial in said case, and that said commitment had been issued after said new trial had been granted, and was therefore issued without authority of law and petitioner's imprisonment thereunder was void.

On the date of the filing of the application, February 14, 1919, this court granted a rule to the said respondent, Buck Garrett, sheriff of Carter county, to show cause why the writ of habeas corpus should not be awarded as prayed for. Said rule to show cause was made returnable on the 24th day of February, 1919, at ten o'clock a. m., in the court room of this court. In response to said rule to show cause, the Attorney General, in behalf of respondent, filed a demurrer to the petition on the ground that there was no certified copy of any order showing that the said district court had ever granted a new trial as alleged in the petition upon any of the statutory grounds for which a new trial may be granted at a term subsequent to the term at which the original trial was had. The demurrer to the petition was sustained, and petitioner asked and was granted ten days within which to amend his petition by attaching an order that a new trial had been granted.

Upon the expiration of the full period of time allowed, the petitioner having failed to amend his petition in the manner indicated, the demurrer of the Attorney General was sustained, and the writ denied.